# Dodd *v.* Summit Branch Mining Company, Appellant.

*Negligence—Mines and mining—Trucks — Defective cables — Evidence—Contributory negligence—Case for jury.*

1. In an action against a mining company to recover damages for the death of plaintiff's husband, an employee in defendant's mine, the case is for the jury and a verdict for the plaintiff will be sustained where it appears that deceased was in a truck which was being drawn from defendant's mine to the surface by a wire cable and that as the truck neared the top of the slope the cable parted, causing the accident and death; and the evidence was conflicting as to whether a certified mine foreman had entire charge of the mining operations or whether the servants of the defendant also had charge, and warranted the finding that the inspection was insufficient.

2. In such a case the deceased could not be held guilty of contributory negligence as a matter of law where it appears that the truck in which he was riding was carrying thirteen men when the cable broke, though the statute prohibited the carrying of more than ten men in such trucks and the company's rules limited the number to eight; that deceased was the first man in the truck; and that it was uncertain from the evidence whether deceased knew there were too many in the truck, or whether, if he did, that he had an opportunity to alight in safety, or whether the accident was caused by the overloading of the car.

Argued May 27, 1913. Appeal, No. 21, May T., 1913, by defendants, from judgment of C. P. Dauphin Co., Jan. T., 1911, No. 607, on verdict for plaintiff in case of

Emma Dodd, widow, v. Summit Branch Mining Company, Summit Branch Mining Company, Agent, Lykens Valley Coal Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before McCARRELL, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,844.75, and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and to enter judgment for defendant non obstante veredicto.

*C. H. Bergner* and *Lyman D. Gilbert,* with them *A. L. Williams,* for appellant.

*John Fox Weiss,* with him *Lewis M. Neiffer* and *J. Clarence Funk,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, June 27, 1913:

This is an action of trespass brought by the plaintiff to recover damages for the death of her husband which she alleges was caused by the negligence of the defendants in the operation of their mines in which her husband was engaged at the time of the accident.

The accident occurred on June 30, 1910, at the Bull Pump Slope of the Short Mountain Colliery operated by the defendants and resulted in the death of the plaintiff's husband and two other employees. The slope was used exclusively for lowering miners and material into the mine and for bringing the men out. A track was laid in the slope on which a small truck on which eight men could be seated was lowered and hoisted by means of a cable or wire rope which passed around a small drum connected by shafting with a stationary engine

located on the surface and about 110 feet from the opening into the slope. The rope attached to the truck was a Seal Lay Rope, one and one-eighth inches in diameter, composed of six strands, each containing nineteen wires. The strands were laid around a hemp center. The rope was about 550 feet in length and rested upon pulleys between the rails of the track over which the truck passed into and out of the mine. In the afternoon of the day of the accident, shortly after four o'clock, thirteen miners, including the plaintiff's husband, returning from their work, got on the truck at the foot of the slope and the engineer was signalled to start the engine which he did. When the truck was near the top, the rope broke or parted, the car ran back to the foot of the slope, and the three men were killed. Two months before the accident, about 350 feet of the rope, next the drum, had been replaced by another rope of the same size which was spliced to the other 200 feet of the cable. The rope broke about 137 feet from the truck and in the part of the original cable and not in the splice.

The statement avers, inter alia, that the defendants were negligent in not using and furnishing for the deceased and other employees safe, secure and proper ropes, trucks, pulleys and hoisting apparatus to lower the employees into and to bring them out of the mines where they were employed, and in not daily examining the ropes, pulleys, trucks, signal and other appliances connected with their hoisting apparatus as was their legal duty to do.

The case was submitted to the jury and a verdict was returned for the plaintiff. The court declined to enter judgment non obstante veredicto, and judgment having been entered on the verdict, the defendants have appealed. The assignments of error raise the single question whether the case should have been taken from the jury by binding instructions for defendants.

The appellants contend that the evidence fails to show negligence on the part of the defendants, and if there

was negligence, it was that of the certified mine foreman for which defendants are not liable, and that the deceased was guilty of contributory negligence which was the proximate cause of his death.

The learned judge submitted the case to the jury in an elaborate charge to which no error is assigned. He instructed them that if a certified mine foreman was placed in charge of the defendants' mining operations and given entire charge of the mine workings and everything relating thereto and the accident resulted from his negligence there could be no recovery. "But in this case," he said, "the testimony is not entirely clear and harmonious, and for that reason we deem it our duty to submit to you the question as to whether or not the certified mine foreman at this mine did have entire charge of the mine workings and everything relating thereto......So that you will determine, in the first place, whether the certified mine foreman at this mine under all the circumstances had entire charge of the mine workings and everything connected with them. If you find he had and this accident resulted from his carelessness or negligence, there can be no recovery. But if you find that other persons had charge, then you will proceed to inquire whether there was negligence in their conduct which resulted in this accident......The weight of the evidence must satisfy you of the negligence, of the carelessness of some one representing these defendants, other than the certified mine foreman, before there can be any recovery here. Now the contention is that there was negligence with respect to the inspection and use of the rope which hauled this car upon the day of the accident......Was it in proper condition? Was it examined and inspected, so that the defendant knew that it was in proper condition on the day of accident?......Was this rope a proper and safe one, and in proper and safe condition to be used in the hoisting of the truck upon that day? That is the important inquiry in this case; because you will perhaps have no

difficulty in concluding that this accident was the result of the breaking of that rope. If the defect was a hidden one, which no reasonable care or caution might have discovered, then there can be no recovery. It would not be negligence if the defect was a hidden one which could not be discovered by the exercise of reasonable care and caution."

The learned judge next directed the attention of the jury to the alleged contributory negligence of the deceased, and instructed them there could be no recovery if such contributory negligence was established. He told the jury that the act of assembly prohibited more than ten men on the car at one time, and the rules of the defendants, posted in the mines, limited the number to eight. He then pointed out and discussed the evidence bearing on the question and left it to the jury. The court also submitted to the jury whether the defendants were negligent in not seeing that the footman was stationed at the bottom of the slope as required by the statute.

The single question raised by the assignments, as suggested above, is whether the court should have withdrawn the case from the jury by directing a verdict for the defendants. The appellants have not assigned for error any part of the charge or the answer to any of their points for charge to the jury except the request to give binding instructions. While the evidence would have warranted a verdict for the defendants, it also justified a finding for the plaintiff on the questions submitted. The evidence as to the condition of the rope at the place it broke was meagre, but the trial judge who heard it and reviewed it in his opinion denying judgment for the defendants held it sufficient for the jury. We cannot say that he was in error. The court submitted the question whether the mine foreman had charge of the rope which broke on evidence which sent it to the jury. The evidence was conflicting and warranted a finding for either party. One of the assistant

foremen who had charge of this part of the mine at the time of the accident testified that he did not have charge of the rope. He said the rope was inspected by the engineer who testified that he inspected it of his own accord because he thought it was his duty as engineer to do so. He failed to say he had been instructed by any one to inspect it. He said he had no technical knowledge of ropes, had nothing to do with repairing them, and inspected this rope by looking over it as it run on and off the drum. The sufficiency of the inspection was also for the jury.

It is not clear how the court could have declared the deceased guilty of contributory negligence as matter of law. He was the first person on the truck, and whether he knew how many other men were on it before it started and whether they were in excess of the number permitted by the statute could only be determined by the jury. Whether if he did know that there were too many persons on the truck, he had the opportunity to alight and do so in safety was not a question of law to be dealt with by the court. Again, if the breaking of the rope was not caused by the overloading of the car, it necessarily follows that the plaintiff's husband was not guilty of negligence in remaining on the car, and whether the overloading of the car was the proximate cause of the accident, was clearly a question for the jury under all the evidence.

The judgment is affirmed.